**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-2145**

CLARA LULU PARADA-CASTRO; SINTIA ESTER NATIVI-PARADA; CARLOS EMMANUEL NATIVI-PARADA; ELMER DAGOBERTO NATIVI-PARADA,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: August 18, 2021                     Decided: January 5, 2022

Before RICHARDSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Michael E. Rosado, Victor E. Legorreta, LAW OFFICES OF MICHAEL ROSADO, Laurel, Maryland, for Petitioners. Brian Boynton, Acting Assistant Attorney General, Keith I. McManus, Assistant Director, Nelle M. Seymour, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clara Lulu Parada-Castro ("Parada-Castro") and her three children, natives and citizens of El Salvador, petition for review of an order of the Board of Immigration Appeals ("Board"), dismissing their appeal from the immigration judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the petition for review.

We have reviewed the administrative record, including the transcript of the merits hearing and all supporting evidence, and considered the arguments pressed on appeal in conjunction with the record and the relevant authorities. We first conclude that the record evidence does not compel a ruling contrary to any of the agency's factual findings, *see* 8 U.S.C. § 1252(b)(4)(B), and that substantial evidence supports the IJ's dispositive ruling, affirmed by the Board, that Parada-Castro failed to show the requisite nexus between either the asserted past persecution or the feared future persecution, and a protected ground, *see Cortez-Mendez v. Whitaker*, 912 F.3d 205, 209 (4th Cir. 2019) (explaining that, in conducting substantial evidence review of the agency's nexus determination, we are "limited to considering whether their conclusion is supported by reasonable, substantial, and probative evidence" (internal quotation marks omitted)).

We also conclude that the Petitioners failed to exhaust their claim that the IJ legally erred in her analysis of the nexus issue. "If a petitioner could have raised an argument before the B[oard], but didn't, we do not have the authority to consider the argument in the first instance." *Portillo Flores v. Garland*, 3 F.4th 615, 632 (4th Cir. 2021) (en banc) (internal quotation marks omitted). We further conclude that there was no error in the

Board's finding that the Petitioners failed to meaningfully contest the denial of protection under the CAT. Lastly, the Board's failure to acknowledge that Parada-Castro's children filed stand-alone applications for asylum, withholding of removal, and protection under the CAT does not necessitate a remand. The children's applications raised the same claims and were dependent on the same set of facts and particular social group as Parada-Castro's application. The Board's finding that Parada-Castro failed to establish nexus to a statutorily protected ground would necessarily apply to the children's claims for relief. On remand, the Board could simply apply the same findings to the children's claims. *See, e.g.*, *Crespin-Valladares v. Holder*, 632 F.3d 117, 123–24 (4th Cir. 2011) (noting that assessment of the Board's reasoning in a subsequent order not before the court could avoid an unnecessary remand).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*